## STEVENSON *against* GRANT and Another.

### CASE STATED.

*Construction of a codicil obscurely expressed.*

AN action was brought in this Court, by James Stevenson, trustee of Wm. Crooke Stevenson, Elizabeth Stevenson, Susan Stevenson, and Anne Stevenson, against Samuel Grant, and Henry Seaton, surviving executors of the last will of William Stevenson, deceased. An action was also brought by James Stevenson, trustee of Wm. Crooke Stevenson, against the same defendants.

In these actions, a case was stated for the opinion of the Court, as follows:

" William Stevenson of the city of Philadelphia, died in December, 1832, having previously made his last will, bearing date December 1, 1829, to which are annexed sundry codicils, bearing date respectively—[1] 1829, December 1; [2] 1829, December 26; [3] 1830, August 28; [4] 1830, November 11; [5] 1832, January 25; [6] 1832, March 24; [7] 1832, August 24; [8] 1832, September 22; [9] 1832, October 8; [10] 1832, October 12; [11] 1832, December 3; [12] 1832, December 5.

The said will and codicils, were duly proved December 20, 21, and 26, 1832; and on the 2d and 3d of January, 1833, letters testamentary, issued from the register of Philadelphia county, to Rowland Stevenson—the widow and executrix—and to the defendants, the present surviving executors.

By the said will, the testator bequeaths as follows:

" Item.—I give and bequeath unto the children of my nephew, John Hunt Stevenson, deceased, a legacy or sum of fifteen thousand five hundred dollars, to be paid to their grandfathers, John Wister and James Stevenson, in trust, to be placed out and continued at interest, for the benefit of the said children: and, upon their arrival at the age of twenty-one years, to pay to them respectively, their respective equal part thereof, and to apply the interest thereof, in

(Stevenson *v.* Grant.)

the mean time accruing, for the equal support, maintenance, and education of the children of my said deceased nephew, John Hunt Stevenson; and in case any or either of the children of my said deceased nephew shall die in their minority, without leaving any issue, then I give the part and share of him or them, so dying, to the survivors or survivor of the said children."

"Item.—I give and bequeath to Grace Osborn Stevenson, and William Crooke Stevenson, two of the children of my said nephew, John Hunt Stevenson, deceased, to each of them, a legacy or sum of eight hundred dollars a piece, to be paid to their grandfathers, aforesaid, in trust, to be placed out and continued at interest until they respectively shall arrive at full age; and in case both or either of them, the said Grace Osborn Stevenson, and William Crooke Stevenson, shall die before attaining the age of twenty-one years, without leaving any issue, then I give and bequeath the said legacy intended for such decedent or decedents, and all the interest accrued thereon, and all accumulation thereof, unto all the then surviving children of my said nephew, John Hunt Stevenson, deceased, in equal parts."    *    *    *    *    *    *

"And all the rest, residue, and remainder of all my estate, both real, personal and mixed, whatsoever and wheresoever, including all such articles as I have hereinbefore given to my said wife, for life, I give, devise, and bequeath in manner following—that is to say:"    *    *    *    *    *    *    *

"Two full, equal ninth parts thereof, unto the children of my nephew, John Hunt Stevenson, deceased, their heirs, executors, administrators, and assigns, forever, to be equally divided between them, part and share alike."

In the third codicil to the said will, dated August 28th, 1830, the testator reduces his said bequests, as follows:

"Whereas, I have in my said will, given and bequeathed unto the children of my nephew, John Hunt Stevenson, deceased, a legacy or sum of fifteen thousand five hundred dollars, and since the date of my will, two of the said children have died, I do now revoke the said legacy of fifteen thousand five hundred dollars, and hereby give and bequeath to the children of my said nephew, John Hunt Stevenson, deceased, a legacy or sum of ten thousand five hundred dollars, to be paid in the manner, and subject to the provisions set forth in my will, with regard to the said legacy of fifteen thousand five hundred dollars."

"I hereby revoke the legacy given in my said will, to Grace Osborn Stevenson, of eight hundred dollars; she, the said Grace Osborn Stevenson, being one of the said children of my nephew, John Hunt Stevenson, deceased, who have died since the date of my said will."

(Stevenson v. Grant.)

In the fifth codicil, dated January 25, 1832, to his said will, the testator further reduces his former bequests, as follows:

"Item.—I hereby revoke the legacy of ten thousand five hundred dollars, given in my above mentioned codicil, to the children of my deceased nephew, John Hunt Stevenson; and I do hereby give and bequeath to the children of my said deceased nephew, a legacy or sum of eight thousand dollars, to be paid in the manner, and subject to the provisions in the said codicil referred to."

In the sixth codicil to the said will, dated March 24, 1832, the testator makes the following further revocation:

"First.—I revoke the devise of two-ninth parts of my residuary estate, given and devised by me to the children of my nephew, John H. Stevenson, deceased,—and, in lieu thereof, I give and bequeath to each of the said children, a legacy or sum of one hundred dollars a piece, to be paid to their grandfathers, or either of them, for the use and benefit of the said children."

In the 11th codicil to the said will, dated December 3, 1832, the testator further revokes, and disposes, as follows:

"I hereby annul my bequest to the children of my nephew, John Hunt Stevenson, deceased, except that to the son William Crooke Stevenson; and should he not live to attain the age of twenty-one years, what I have left to him, I direct shall be equally divided between his sisters, share and share alike."

The children of John Hunt Stevenson, the said nephew of the testator, were at the entry of these actions: William Crooke Stevenson, Elizabeth Stevenson, Susan Stevenson, and Anne Stevenson.

John Wister, one of the grandfathers of the said children, and their co-trustee with James Stevenson, under the will, renounced the said trust, by deed of renunciation, dated August        , 1834, and filed            -            1834, in the Register's Office for the county of Philadelphia.

The questions for the opinion of the Court, are, to what extent, and in favour of which of the legatees, the three bequests aforesaid, of $8000, $800, $100, were in force and unrevoked at the death of the testator.

1. If the Court shall be of opinion that neither of the said bequests remained in force, except as to William Crooke Stevenson, then judgment to be entered for the plaintiffs in the *second* suit, for so much as remained unrevoked in regard to him.

2. If the Court shall be of opinion, that any of the said bequests remained unrevoked, in regard to all the legatees, then judgment to

be entered in the *first* suit for the plaintiffs, for so much as remained so unrevoked.

3. If the Court shall be of opinion, that none of the said bequests remained unrevoked in regard to all the legatees, then judgment to be entered in the *first* suit for the defendants.

The *amount* of the judgment in each case, to be settled by the attorneys of the parties, upon the principles established by the Court, in their opinion; and in case of disagreement, by a referee, to be appointed by the Court."

Mr. *H. Binney, jr.,* and Mr. *Sergeant,* argued the case for the plaintiff;

Mr. *C. Ingersoll,* (with whom was Mr. *W. T. Smith,*) for the defendants.

PER CURIAM.—It is impossible to say, with confidence, how far the testator meant to revoke the preceding bequests; and the obscurity of his language brings the clause almost to the line betwixt what is intelligible, and what is void for uncertainty. Testamentary directions, however, are to be observed when they may; for to declare them insensible, is always a measure of the last resort. But in such a case as this, they are to have the least possible effect that is adequate to the satisfaction of them. Here they seem to be rather more applicable to the bequest of a hundred dollars to each of the nephew's children, than to any other, because that was the subject that had last occupied the testator's mind; and it was probably the subject to which it reverted, shattered as it was, when he resumed the arrangement of his affairs, for the last time. The scope of the will, is a graduated system of reduction; each successive codical taking it up at the point where the preceding one had left it. We are aware of the insignificance of this reason; but it is to be remembered, that we have no choice, except to adopt the conclusion to which it feebly conduces, or to declare the clause of revocation entirely uncertain and void. Judgment is therefore rendered for the plaintiff in the first suit, for all but a hundred dollars given as a substitute for the plaintiff's share of two-ninth parts of the residuary estate before devised to the children of the testator's nephew; and in the second suit, for the two legacies of $800 and $100 to W. C. Stevenson. Interest to be adjusted between the parties.

Judgment accordingly.